**SCOTT'S LIQUID GOLD–INC., a Colorado corporation, Plaintiff–Appellant,**

v.

**Alan N. CHARNES, as the Executive Director of the Colorado Department of Revenue, and the Colorado Department of Revenue, Defendants–Appellees.**

No. 87CA1521.

Colorado Court of Appeals, Div. III.

Jan. 19, 1989.

Rehearing Denied Feb. 16, 1989.

Certiorari Denied April 24, 1989.

Holland & Hart, Alan Poe, Stephen P. Villano, Englewood, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Steven M. Bush, Asst. Atty. Gen., Denver, for defendants-appellees.

VAN CISE, Judge.

Plaintiff, Scott's Liquid Gold–Inc. (SLG), appeals the denial of its motion for summary judgment and the summary judgment entered in favor of defendants, Alan N. Charnes and the Colorado Department of Revenue (department), upholding a use tax assessment for the period January 1, 1983, through May 31, 1985, made by the department against SLG. We reverse.

The department made a demand for payment of a use tax based on the cost of raw materials purchased by SLG for the manufacture of plastic dispensers for aerosol canisters of an air freshener. The dispensers and canisters were designed to be used together. The canisters may be used without the dispensers, but the dispensers have no other apparent use.

The marketing strategy employed by SLG with respect to its product was to offer the dispensers free of charge to consumers in the hope of encouraging the purchase of the canisters. The dispensers have been distributed in two ways: by distribution to retailers for them to distribute to consumers, and by direct distribution to consumers door to door or by direct mail in selected markets throughout the United States. Through direct distribution, 7,911,-778 dispensers were distributed. Of these, 260,254 were distributed to residents of Colorado. The department assessed a use tax only for the materials used to manufacture the nearly 8 million dispensers SLG gave away free of charge directly to the consumers.

SLG protested the assessment, but the final determination made by the department was that SLG was liable for the use tax. SLG then filed a complaint in district court, alleging that the tax was illegal. The district court agreed with the department and ruled in its favor on all issues. This appeal followed.

SLG contends that the exemption provided in § 39–26–203(1)(r), C.R.S. (1982 Repl. Vol. 16B) is applicable here. We agree.

That section states that the use tax does not apply:

"To the storage, use, or consumption of tangible personal property which is thereafter transferred to an out-of-state *vendee without consideration* (other than the purchase, sale, or promotion of the transferor's product) for use outside of this state in selling products normally sold at wholesale by the corporation or person storing, using, or consuming said property." (emphasis supplied)

While the department apparently allows this exemption for the dispensers distributed through the retailers, it argues that the provision is inapplicable if dispensers are given directly to the ultimate consumers.

The dispute over this provision revolves around the general assembly's employment of the term "vendee." The department contends that use of that term implies that the recipient of the promotional property must be one who customarily buys the

products from the taxpayer. However, to qualify for the exemption, the statute explicitly states there can be no consideration for receipt of the property, other than the purchase, sale, or promotion of the product.

Here, the consumer received the product without consideration. If the promotion was successful, the consumer purchased the canister. The preexisting business relationship between the taxpayer and the recipient, which the department attempts to tack onto the provision, is not apparent in the statutory language. We cannot amend the statute by construing it to include such qualifications.

SLG used the dispensers to sell canisters by distributing them to out-of-state buyers or potential buyers. Hence, the exemption provided by § 39–26–203(1)(r) is applicable to the materials used to manufacture the dispensers sent to the out-of-state recipients.

In view of our ruling on the exemption, we do not address SLG's other contentions.

The judgment is reversed, and the cause is remanded to the district court for the entry of a judgment vacating the assessment.

KELLY, C.J., and CRISWELL, J., concur.